United States District Court
Southern District of Texas

**ENTERED**

November 06, 2019

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APRIL DUDLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-0102 |
| | § | |
| SPECIALIZED LOAN SERVICING, LLC, | § | |
| and THE BANK OF NEW YORK | § | |
| MELLON f/k/a THE BANK OF NEW | § | |
| YORK, AS TRUSTEE FOR THE | § | |
| CERTIFICATEHOLDERS OF THE | § | |
| SWABS, INC., ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2007-4, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is Defendants' Motion for Summary Judgment (Document No. 13), to which Plaintiff has not filed a response in opposition. Having considered the motion, the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion for Summary Judgment be GRANTED.

### I.     Background and Procedural History

This is a foreclosure case, which was filed by Plaintiff April Dudley in state court on December 28, 2019, seeking to stave off a scheduled foreclosure on the residence located at 16502 Quail Prairie Drive, Missouri City, Texas 77489 (hereafter referred to as "the Property"). Named as Defendants were Specialized Loan Servicing, LLC, and The Bank of New York Mellon. In the state court pleading, Dudley factually alleged that she was not provided with proper notices of

1

default, Defendants' intent to accelerate the note, or Defendants' acceleration of the note, and that

Defendants were, therefore, in no position to set the Property for foreclosure.  She also alleged

claims against both Defendants for: (1) breach of contract; (2) to remove and/or quiet title to the

property; and (3) for declaratory and injunctive relief.  Each of those claims was premised on

Dudley's allegations that she was not provided the notices she was due prior to foreclosure.

Defendants removed the state court action to this Court on the basis of diversity jurisdiction

and have now filed a Motion for Summary Judgment on Dudley's claims, and their own

counterclaim for attorneys' fees.  To this date, Dudley has not filed a response to that Motion for

Summary Judgment.  Given the uncontroverted summary judgment evidence in the record that all

the notices required by the Deed of Trust and/or Texas law were provided to Dudley, summary

judgment is warranted on each of Dudley's claims, as well as Defendants' counterclaim for

attorneys' fees.

## II.    **Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a); *see also Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481 (5th Cir. 2014).

A "genuine issue of material fact exists when the evidence is such that a reasonable jury could

return a verdict for the non-movant." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 549 (5th Cir.

2012). To avoid summary judgment, "the non-movant must go beyond the pleadings and come

forward with specific facts indicating a genuine issue for trial." *Id.* at 550. However, "[u]nsworn

pleadings, memoranda, or the like are not . . . competent summary judgment evidence." *Walker v.*

*Blanchard Ref. Co., LLC*, No. 3:17-CV-391, 2019 U.S. Dist. LEXIS 146678 (S.D. Tex. 2019)

(quoting *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991)); *see also Solo Serve Corp. v.*

*Westowne Assoc.,* 929 F.2d 160, 164 (5th Cir. 1991) ("[O]nly evidence –not argument, not facts in the complaint –will satisfy [the nonmovant's] burden.").

## III.   Discussion

The uncontroverted summary judgment evidence in the record shows that Dudley executed a Deed of Trust on the Property in favor of America's Wholesale Lender on February 5, 2007 (Document No. 13-1).  The Deed of Trust was security for a promissory note in the amount of $78,320 (Document No. 13-2).  The Deed of Trust was assigned by America's Wholesale Lender to Defendant The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-4, on April 19, 2012 (Document No. 13-3).  On October 10, 2018, a Notice of Default and Intent to Accelerate was sent to Dudley at the Property Address, but was not claimed, and by  November 13, 2018, it had been returned to counsel for Defendant Specialized Laon Servicing, LLC, the mortgage servicer (Document No. 13-4).  On February 28, 2019, a Notice of Acceleration was sent, and successfully delivered, to Dudley at the Property address (Document No. 13-5).  As of July 1, 2019, the amount due on the Note was $87,746.74, not including "escrow advances, accrued interest, accrued late fees, attorneys' fees and costs, and other fees and costs." (Document No. 13-6 at 2).  The note has been in default since February 2018 (Document No. 13-6 at 2).

Defendants seek summary judgment on Dudley's breach of contract, quiet title and declaratory and injunctive relief claims based on their uncontroverted evidence that a Notice of Default and Notice of Intent to Accelerate was sent to Dudley and their uncontroverted evidence that a Notice of Acceleration was sent to, and received by, Dudley.  As set forth above, Defendants' uncontroverted summary judgment bears this out.

## A. Dudley's Breach of Contract Claim

Dudley alleges that Defendants breached the contract when they failed to provide her with notice of Default and Intent to Accelerate, which was required by Section 15 of the Deed of Trust (Document No. 13, Ex. A). Defendants, in their Motion for Summary Judgment, maintain that they are entitled to summary judgment on Dudley's breach of contract claim because they did provide her with the notice called for in the Deed of Trust and because it was Dudley herself who was in breach of the covenant by virtue of her failure to make the required payments.

In order to state a claim for breach of contract under Texas law, a plaintiff must show: "(1) the existence of a valid contract, (2) the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff suffered damages as a result of the defendant's breach." *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App. – Houston [14th Dist.] 2010, pet. denied). "Where the evidence is undisputed regarding a person's conduct under a contract, the judge alone must determine whether it shows performance or breach of his contract obligation." *Lafarge Corp. v. Wolff, Inc.*, 977 S.W.2d 181, 186 (Tex. App. –Austin 1998, no pet hist.).

"It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004); *see e.g., Moe v. Option One Mortg. Corp.*, 2009 WL 136892, at *3 (Tex. App.-Houston [14th Dist.] 2009, no pet.) (where a mortgagor who failed to make payments "did not perform or tender performance, but instead breached the contract"). The Fifth Circuit Court has held that a "claim for breach of note and deed of trust must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).

Here, it is undisputed that Dudley was in default and had, thereby, breached the contract. It is also undisputed that Defendants sent Dudley a notice of default and intent to accelerate in the manner set forth by both the Deed of Trust and § 51.002(2) of the Texas Property Code. Section 15 of the Deed of Trust states:

> all notices given by the Borrower or Lender in connection with t[he] [Deed of Trust] must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. The notice address shall be the Property Address unless bower has designated a substitute notice address by notice to the Lender.

(Document No. 13, Ex. A at 11). In addition, section 51.002(e) of the Texas Property provides that: "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United State mail, postage prepaid and addressed to the debtor at the debtor's last known address . . . ." Tex. Prop. Code § 51.002(e). Here, because the uncontroverted summary judgment shows that Defendants sent to Dudley a Notice of Default and Intent to Accelerate in the manner required by both the terms of the Deed of Trust and section 51.002(e) of the Texas Property Code, and because "[t]he mere allegation by plaintiffs that they did not receive notice does not show that [Defendants] failed to comply with statutory requirements." *Gillespie v. Bac Home Loan Servicing, LP*, No. 4:11-cv-388-A, WL 1870923, at *5 (N.D. Tex. May 23, 2012), summary judgment is warranted on Dudley's breach of contract claim. *See e.g., Moe*, 2009 WL 136892, at *3.

**B. Dudley's Suit to Remove Cloud/Quiet Title Claim**

Dudley also alleges that Defendants have clouded her title by claiming a lien for security purposes on the Property and that Defendants do not have the power to foreclose on the Property. (Document No. 1 at 7-8).

In a cause of action to quiet title, the plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Owen Loan Servicing, LLC. V. Armando Martinez*, et al., 2019 WL 2326114, at *5 (N.D. Tex. May 31, 2019) (internal quotations omitted). The burden is on the plaintiff to establish the proof necessary to "establish his superior equity and right to relief." *Id.*

Here, summary judgment is warranted on Dudley's quiet title claim because there is no evidence in the record that Defendants' claim on the property is invalid or unenforceable. Dudley's default of the loan gave rise to Defendants' claim on the Property.  Dudley's quiet title claim therefore fails as a matter of law, *see e.g. Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. –Houston [1st Dist.] 2009), and Defendants are entitled to summary judgment on that claim.

## C. **Dudley's Declaratory and Injunctive Relief Claims**

Dudley seeks a declaration that Defendants' failed to provide her with the notices required by the Deed of Trust and Texas law, and a permanent injunction requiring the defendants to desist and refrain from proceeding with the scheduled foreclosure, entering and taking possession of the property, attempting to evict anyone from the property, and attempting to purchase, transfer, or collect on the note.  But, given the absence of an underlying, substantive claim, neither declaratory nor injunctive relief is available.  *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, n. 3 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgments Act, Tex.Civ.Prac. & Rem.Code Ann. § 37.001 *et seq.* (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action."); *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Fed. Home Loan Mortg. Corp.*, 2011 WL

7068386, at \*3 (N.D. Tex. 2011) (where Plaintiff failed to state a claim for trespass to try title and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510, at \*4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged"). Summary judgment is therefore also warranted on the declaratory and injunctive relief claims.

## D. Defendants' Attorneys' Fees Counterclaim

Defendants, with their counterclaim for attorneys' fees, allege that they are entitled to attorneys' fees and costs on two bases: (1) Section 9 of the Deed of Trust and (2) violation of Tex. Civ. Prac. & Rem. Code §§9.011 *et seq.* and §§10.001 *et seq.* Pursuant to Section 9 of the Deed of Trust, "[l]ender's actions can include . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this security Instrument." (Document No. 13, Ex. A at 8). In their Motion for Summary Judgment, Defendants argue that because the uncontroverted summary judgment evidence shows that the Defendants provided Dudley with proper notice of acceleration and proper notice of foreclosure, they are entitled to recover the $9,391.46 in attorneys' fees that they have expended to defend this law suit and protect their rights in the Property under the Deed of Trust. *See Richardson v. Wells Fargo Bank, N.A., et al.*, 740 F.3d 1035, 2014 WL 274456 (5th Cir. 2014)(where it was held that the prevailing lender should recover attorneys' fees and costs based on identical language contained in the deed of trust).

Here, there is no dispute that Defendants have defended themselves against claims that pertain to the breach of covenant and rights in the Property. Dudley also has not contested the amount of attorney's fees sought by Defendants. Pursuant to the Deed of Trust and the attorney's fees affidavit submitted by Defendants, *see* Exhibit G, that establish the reasonableness of the

attorneys' fees and costs sought by Defendants, Defendants' request for attorneys' fees in the amount of $9,391.46 should be granted.

## IV.  Conclusion and Recommendation

Based on the foregoing, and the conclusion that summary judgment is warranted in Defendants' favor on both Plaintiff April Dudley's claims and Defendants' counterclaim, the Magistrate Judge

RECOMMENDS that Defendant's Motion for Summary Judgment (Document No. 13) be GRANTED in its entirety, that Plaintiff's claims all be DISMISSED WITH PREJUDICE, and that Defendants be awarded attorneys' fees in the amount of $ 9,391.46.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed R. Civ. P. 72(b), and General Order 80–5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), cert. denied, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk

Signed at Houston, Texas, this __5__ day of November, 2019.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDG